Deming v. Marsh.

insufficient by the Court of Common Pleas, and a decree passed.

On writ of error, the decree was here reversed.— For,

DEMING v. MARSH.

DEMING brought his action originally to the Court of Common Pleas, upon a promissory note, dated October the 8th, 1777, payable in lawful money, in one year from the date.— The pleadings, which ended in a demurrer, stated — That upon the 6th day of July, 1778, the defendant paid, in continental currency, the sum of £40 16s. which was indorsed in these words:  "Received on this note £40

Deming v. Marsh.

16s."— And that the defendant afterwards tendered in specie the remaining contents.— So that the only question was — whether the payment in continental bills should be applied nominally, or be reduced to the specie value.

The Court of Common Pleas considered it as applying nominally, and so gave judgment for the defendant; — and upon writ of error, the judgment was here affirmed.—For,

By the COURT. The indorsement is *prima facie* evidence, that so much was received in the same currency expressed in the note. The defendant, in his rejoinder, says, that the payment was in continental bills, then currently passing within this state as money, and were so by the plaintiff received and indorsed on said note.— The plaintiff, in answer, says, he ought not to be barred without that, that said sum in continental bills was received and indorsed as and for that sum in hard money; which is not a direct answer to the allegation of the defendant.— The note was given after the paper currency began to depreciate, and the defendant does not say that said bills were received as so much hard money, but as so much current money.— Therefore, it does not appear by the pleadings, that there was any special agreement between the parties, at what rate the sum indorsed should be applied in payment; — it must, therefore, be determined upon the evidence arising from the words of the indorsement, and so be considered as a payment of that nominal sum of the duty contained in the note.

Note.— Judge Ellsworth gave no opinion in this case.